**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                        OAKLAND DIVISION

6

7   GABRIEL RALPH REYES,

8              Plaintiff,                    No. C  07-3932 PJH (PR)

9       v.                                   **ORDER OF DISMISSAL**

10  JOE McGRATH, Warden; RICHARD
    RIMMER, Director of Corrections; J.S.
11  WOODFORD; Director of Corrections;
    B.J. O'NEAL, Associate Warden;
12  RICHARD KIRKLAND, Warden; N.
    GRANNIS, Chief of Inmate Appeals; T.
13  SURGES, Appeals Examiner; SWIFT,
    Correctional Lieutenant; NAVARRO,
14  Sergeant; and HAWKINS, Correctional
    Officer,
15
               Defendants.
16  _____/

17

18      This is a civil rights case filed pro se by a state prisoner.  Leave to proceed in forma

19  pauperis was granted and an initial partial filing fee of $51.54 imposed.  Plaintiff's

20  motion for service was denied, the court stating that it would "screen the complaint and, if

21  appropriate, order service, after plaintiff indicates his intention to proceed with the case by

22  paying the initial partial filing fee."  The initial partial filing fee was received on March 9,

23  2009, but was not docketed, so did not come to the court's attention.  The court regrets the

24  delay.

25                           **DISCUSSION**

26  **A.    Standard of Review**

27      Federal courts must engage in a preliminary screening of cases in which prisoners

28  seek redress from a governmental entity or officer or employee of a governmental entity.

United States District Court
For the Northern District of California

28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff was in his cell on February 24, 2004, when there were two incidents of staff using chemical agents, apparently pepper spray, against inmates in other cells.  He

2

**United States District Court**
For the Northern District of California

1   contends that the amount used was excessive, that no measures were taken to minimize

2   the effect on other prisoners such as himself, and that decontamination measures were

3   inadequate.  As a consequence, he alleges, he suffered choking, burning eyes, and inching

4   and burning of his skin.  The inmates were instructed to use water from their cells to wipe

5   off the spray, and to apply cold compresses.  They were not given showers until two days

6   later.

7          The treatment a prisoner receives in prison and the conditions under which he is

8   confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509

9   U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain

10  . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

11  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and

12  citation omitted).  What is required to establish an unnecessary and wanton infliction of pain

13  varies according to the nature of the alleged constitutional violation.  *Whitley v. Albers*, 475

14  U.S. 312, 320 (1986).  Where an inmate alleges use of excessive force, the core judicial

15  inquiry is whether force was applied in a good-faith effort to maintain or restore discipline,

16  or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);

17  *Whitley*, 475 U.S. at 320-21; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001)

18  (applying "malicious and sadistic" standard to claim that prison guards used excessive

19  force when attempting to quell a prison riot).

20         The "maliciously and sadistically for the very purpose of causing harm" standard, the

21  *Whitley* standard, applies when prison authorities use force against one inmate and thereby

22  injure another, as plaintiff alleges happened here.  *See Clement v. Gomez*, 298 F.3d 898,

23  903 n.3 (9th Cir. 2002) (pepper spray affecting non-target inmate).  Putting together the

24  *Whitley/Hudson* standard for excessive force claims and the *Iqbal* standard for pleading a

25  claim, for plaintiff to state a claim here he must provide sufficient factual allegations to

26  make it plausible that defendants used the pepper gas maliciously and sadistically with the

27  very purpose of causing harm.

28  ///

United States District Court

For the Northern District of California

1    Plaintiff alleges that the first pepper spray incident occurred when two inmates of the

2   Security Housing Unit refused to move to a new cell, and that he does not know the cause

3   of the second.  These allegations obviously are not sufficient to state a plausible claim that

4   the gas was used "maliciously and sadistically with the purpose of causing harm."  Plaintiff

5   thus has failed to state a claim for excessive use of force.

6    Plaintiff's other claim is that defendants were deliberately indifferent to his serious

7   medical needs when he was not allowed to adequately decontaminate.  Plaintiff contends

8   that he suffered choking, burning eyes, and inching and burning of his skin.  When short-

9   lived, these do not constitute a serious medical need, though unpleasant.  The Ninth Circuit

10  has agreed, rejecting a similar claim and saying that coughing, choking, gaging, and

11  burning in one's eyes, when transitory, do not add up to a serious medical need.  *See Allen*

12  *v. Bosley*, 253 Fed. Appx. 658, 2007 WL 3244002 (9th Cir. 2007).[1]

13    Because it is clear from plaintiff's allegations that he cannot rectify the deficiencies of

14  these claims, they will be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d

15  1122, 1129 (9th Cir. 2000).

16                                          **CONCLUSION**

17    1. Plaintiff's motion to screen the complaint (document number 7 on the docket) is

18  **GRANTED**.  The screening has been performed above.

19    2.  This case is **DISMISSED** with prejudice.  The clerk shall close the file.

20    **IT IS SO ORDERED.**

21  Dated: 1/28/10                _____

22                                              PHYLLIS J. HAMILTON
                                                 United States District Judge

23

24

25  P:\PRO-SE\PJH\CR.07\REYES3932.DISMISS.wpd

26  _____

27    [1]  Unpublished Ninth Circuit decisions issued on or after January 1, 2007, may be cited
    to courts of this circuit.  9th Cir. R. 36-3(b).  They are not, however, precedential.  *Id.* at 36-
28  3(a).  *Allen v. Bosley* was issued on November 2, 2007.