UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GABRIEL RALPH REYES,

    Plaintiff,

v.

JOE McGRATH, Warden; RICHARD RIMMER, Director of Corrections; J.S. WOODFORD; Director of Corrections; B.J. O'NEAL, Associate Warden; RICHARD KIRKLAND, Warden; N. GRANNIS, Chief of Inmate Appeals; T. SURGES, Appeals Examiner; SWIFT, Correctional Lieutenant; NAVARRO, Sergeant; and HARKINS, Correctional Officer,

    Defendants.

No. C 07-3932 PJH (PR)

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT; STAY AND REFERRAL TO MEDIATION**

This is a civil rights case filed pro se by a state prisoner. The remaining defendants, Harkins, Navarro, and Swift ("defendants") have moved for summary judgment, plaintiff has opposed the motion, and defendants have filed a reply.[1] The motion is ready for decision.

**BACKGROUND**

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed on initial review. The United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part. The Ninth Circuit affirmed the dismissal of plaintiff's excessive force claims arising from the use of pepper spray and another chemical agent

---

[1] After the motion for summary judgment was filed the Ninth Circuit decided *Woods v. Carey*, in which it held that it is not sufficient to give the notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), prior to the time a motion for summary judgment is filed. *Woods*, 684 F.3d 934, 940-41 (2012). This court gave the required notice in July, after the motion for summary judgment was filed but before plaintiff filed his opposition.

against inmates near plaintiff's cell, but reversed the dismissal of his claim that defendants Harkins, Navarro, and Swift were deliberately indifferent to his serious medical need for care following exposure to pepper spray.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.     Defendants' Contentions**

The only claim left in the case after the remand from the Ninth Circuit is plaintiff's contention that defendants were deliberately indifferent to his serious medical need for treatment of the after-effects of pepper spray. Defendants contend that (1) because of the nature and amount of the chemicals used, and the procedures employed in their use and after their use, plaintiff had no serious medical need for decontamination; (2) plaintiff did not tell them he was suffering from the effects of the chemicals used in the cell extractions, and they took steps to clear the chemicals from the area, so they could not have been deliberately indifferent to any serious medical need, even if such a need existed; and (3)

they are entitled to qualified immunity.

**C.   Objections**

Preliminarily, plaintiff contends in his opposition that portions of the declarations of defendants Swift and Navarro are not based on personal knowledge and thus cannot be considered. Opp'n at 20-22. And defendants claim in their reply that much of plaintiff's declaration is not based on personal knowledge or is inadmissible hearsay. Reply at 2-4. In the ruling below the court has considered only those non-hearsay portions of the declarations and exhibits that appear to be based on personal knowledge. Defendants also rely on DVDs which capture the cell extractions and use of pepper spray at issue.

**D.   Analysis**

The issues here are (1) whether plaintiff had a serious medical need; (2) assuming the existence of a serious medical need, whether defendants should have been aware of it from the amount of chemicals used and plaintiff's purported requests to defendants for help; and (3) whether defendants are entitled to qualified immunity.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*; *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974 F.2d at 1059.

**1.   Serious Medical Need**

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). The following are examples of indications that a prisoner has a "serious" need for medical treatment: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence

3

of chronic and substantial pain." *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Defendants contend that plaintiff could not have had a serious medical need for help with decontamination because the amount of chemicals used was minimal, which they claim is confirmed by the fact that some members of the extraction team appear in the DVDs without masks and without suffering apparent effects. Plaintiff, on the other hand, says in his declaration that he suffered coughing, choking, gasping and sneezing all at the same time. Decl. Reyes at ¶ 24. He says his whole body hurt and his hands turned white. *Id.* He says that it felt like someone was standing on his chest, *id.* at ¶ 27, he had difficulty breathing, could not talk, and "my insides were cramping up," *id.* at ¶ 28.

Defendants contend that the court can disregard plaintiff's contentions regarding his suffering because the videos purportedly contradict them. It is true that under *Scott v. Harris*, 550 U.S. 372 (2007), "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380-83 (police officer entitled to summary judgment based on qualified immunity in light of video evidence capturing plaintiff's reckless driving in attempting to evade capture which utterly discredits plaintiff's claim that there was little or no actual threat to innocent bystanders). But the record here is not as clear-cut as it was in *Scott* as the DVDs do not capture the amount of chemicals used or the extent that inmates and guards were exposed. Moreover, plaintiff contends that chemicals were used before the events recorded in the DVDs, and that thus they are not a complete record of what occurred. *See* Decl. Reyes at ¶ 17. Accordingly, there is a genuine dispute of material fact as to whether plaintiff had a serious medical need for decontamination, and as a consequence, defendants are not entitled to summary judgment on this ground.

**2.      Deliberate Indifference**

Defendants assert that they were not deliberately indifferent.

A prison official is deliberately indifferent if the official knows that a prisoner faces a

4

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

It is undisputed that plaintiff did not receive a shower to decontaminate for forty-eight hours after the extraction incidents. Decl. Reyes at ¶ 49. Defendants' theory on the deliberate indifference prong of the claim is that the purportedly minimal amount of chemical used meant they had no reason to think that prisoners in other parts of the pod and housing unit would suffer sufficient exposure to require decontamination. For the reasons discussed in the section above, the DVDs are not conclusive on this point.

Plaintiff says that he asked defendant Navarro to open the pod door for fresh air, but Navarro ignored him. Decl. Reyes at ¶ ¶ 18, 23, 25.

Plaintiff also says in his declaration that he asked defendant Harkins for fresh air or to be removed from the pod, and asked him for a shower to decontaminate, without result. *Id.* at ¶ ¶ 22, 34. He says that prior to the filmed part of the extraction, he told Harkins he needed decontamination, Harkins saw him coughing and choking, then himself began to cough. *Id.* at ¶ 22. Harkins left and came back wearing a mask. *Id.* Plaintiff alleges that several hours after the extraction of Bacca, Harkins entered the pod wearing a mask; plaintiff asked him for a shower, and Harkins responded that "program was slammed" and for plaintiff to "deal with it." *Id.* at ¶ 34.

Plaintiff alleges that defendant Swift came to his cell front and saw him suffering, that plaintiff told Swift that he needed fresh air and shower, and that Swift told him to "deal with it." *Id.* at ¶ 30.

Defendants Navarro, Harkins, and Swift say in their declarations that plaintiff did not tell them about his suffering and ask for relief. Decl. Navarro at ¶ ¶ 5-8; Decl. Harkins at

1  ¶ ¶ 6-7; Decl. Swift at ¶ ¶ 20-22, 24.

2  There thus are factual disputes about the amount of chemical contamination in the pod and whether plaintiff told defendants about his suffering and asked for help. They are material to the deliberate indifference question. In view of this dispute, defendants are not entitled to summary judgment on this ground.

### 3. Qualified Immunity Standard

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Claims of qualified immunity require a two-step analysis. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-prong test that required determination of a deprivation first and then whether such right was clearly established, as required by *Saucier v. Katz*, 533 U.S. 194 (2001)). The first prong is whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury," show that the defendant's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. The second is whether, if the allegations could make out a constitutional violation, the right was clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

Taking the facts in the light most favorable to the plaintiff, as required by *Saucier*, the pod was saturated with chemicals and defendants took no steps to decontaminate plaintiff for forty-eight hours. Defendants are not entitled to qualified immunity. *See Clement v. Gomez*, 298 F.3d 898, 905-06 (2002) (no qualified immunity for correctional officers who did not offer bystander inmates decontamination for four hours).

### CONCLUSION

Plaintiff's motion for an extension of time to file his opposition (docket # 42) is **GRANTED**. The opposition is deemed timely.

For the foregoing reasons, defendants' motion for summary judgment (docket # 28)

is **DENIED**.

This case is referred to Magistrate Judge Nandor Vadas pursuant to the Pro Se Prisoner Mediation Program. Judge Vadas shall conduct mediation proceedings and file a report thereafter. The proceedings are confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. In view of the referral, further proceedings in this case are **STAYED**.

If the case is not settled, the court will enter a new scheduling order for further proceedings. The clerk shall mail a copy of this order to Magistrate Judge Vadas in Eureka, California.

**IT IS SO ORDERED.**

Dated:  September 27, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\REYES3932.msj.wpd